

# TMWB

**Tompkins, McGuire, Wachenfeld & Barry LLP**
Attorneys at Law

|                    | **Brian M. English | Partner** |                        |
|--------------------|-------------------------------|------------------------|
| Reply to:          | 3 Becker Farm Road Fourth Floor | Gateway One Center    |
|                    | Roseland, New Jersey 07068-1726 | Suite 615             |
|                    | T: 973.623.7491 | F: 973.623.7780 | Newark, N. J. 07102 |
|                    | New York   212.714.1720       | T: 973.622.3000        |
|                    | benglish@tompkinsmcguire.com  | F: 973.623.7780        |

July 29, 2016

<u>Via ECF</u>
Hon. Esther Salas
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Room 5A
Newark, New Jersey 07102

              Re: *Microsoft Corporation v. BioReference Laboratories, Inc.*
                  No. 2:16-cv-2291-ES-JAD

Dear Judge Salas:

      I write on behalf of Plaintiff Microsoft Corporation to request an opportunity to address new arguments in Defendant BioReference Laboratories' reply in support of its motion to dismiss. Dkt. 13. We would be pleased to present these points in a five-page surreply or at oral argument.

      BioReference's reply brief, Dkt. 27, makes numerous arguments that depend upon facts drawn from outside of Microsoft's Complaint and the agreements submitted by BioReference, and which Microsoft disputes. As just a few examples:

- By accusing Microsoft of attaching only "initial" customer price sheets to its opposition brief and stating that BioReference was not precluded "from placing additional orders," *id.* at 10, BioReference invites the Court to infer that BioReference actually placed additional orders that cover all of the software products at issue. However, BioReference did not attach any supplemental customer price sheets, and Microsoft is not currently aware of any.

Page 2

- BioReference contends that certain sections of the license agreements "have nothing to do with the dispute between the parties" because those sections relate to "'subscription' agreements" while BioReference "is not a subscription customer." *Id.* at 12. These facts are nowhere contained within the Complaint or the agreements attached by BioReference.

- BioReference argues that the relevant agreements allow it to "submit[] a later order, or no order at all" followed by "a mechanism for payment to be made late." *Id.* at 4. None of the license agreements attached to the parties' briefings contain such a mechanism. The one provision to which BioReference cites, Gosselin Decl. Ex. C at § 5(c)(iv), merely provides that if a "true-up order is not received when due," the customer is invoiced for "Reserved Licenses," which are licenses reserved prior to use, *id.* at § 1. There is no provision allowing for the submission of late true-up orders or for late payment on a late true-up order.

Microsoft requests leave to submit a short surreply, or oral argument, so that it may address the extrinsic material BioReference has introduced in its reply and to identify the facts disputed by Microsoft.

Respectfully submitted,

/s/ *Brian M. English*

Brian M. English
FOR  TOMPKINS, McGUIRE, WACHENFELD & BARRY

cc:  All Counsel (Via ECF)